**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAMES DICKENSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:09-cv-371-WTL-TAB |
| ) | |
| SUPERINTENDENT ALAN FINNAN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint, Dismissing Certain Claims,
And Directing Further Proceedings**

Plaintiff James Dickenson, an inmate at the Wabash Valley Correctional Facility, alleges that the defendants violated his Eighth and Fourteenth Amendment rights. Specifically, Dickenson alleges that he was placed in a disciplinary segregation for 21 days. During that time he was forced to eat nutraloaf for three meals a day, was denied prescription pain medication for his back, was denied access to a dentist to treat his broken tooth, and had his back brace confiscated. For 14 of the 21 days Dickenson spent in disciplinary segregation, he was kept in a strip cell where he was denied mail, recreation, clothes and the ability to shave or practice personal hygiene. This action is brought pursuant to 42 U.S.C. § 1983. Dickenson seeks money damages, costs, and the replacement of his back brace.

**I.**

**A.**

Because Dickenson is a prisoner, the complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom V. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require detailed factual allegations, the Supreme Court now requires it to include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(discussing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

**B.**

Applying the standard set forth above, certain claims are subject to dismissal.

1. Claims against the "John Doe" defendant are dismissed, because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

2. The Fourteenth Amendment due process claim is dismissed because it lacks facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty." *American Mfr. Mut. Ins. Co. v. Sullivan,* 119 S. Ct. 977, 989 (1999) (internal quotation marks omitted). The complaint fails to allege the liberty or property interest Dickenson claims he was deprived of without due process. To the extent the complaint could be read broadly to allege that Dickenson's due process rights were violated when he was placed in segregation or when his back brace was confiscated, such claims fail to state a claim upon which relief may be granted. See *Lucien v. DeTella,* 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests  . . . .") (citing *Sandin v. Conner,* 515 U.S. 472, 484 (1995)); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."); *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Dickenson's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**II.**

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants Superintendent Alan Finnan, Asst. Superintendent Brian Smith, Grievance Specialist Jamie Trusty, Correctional Officer Whoson, Counselor Leohn, Counselor Synder, and Property Officer K. Ewers, in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 12/17/2009

*William T Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

James Dickenson
DOC #974834
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111

Superintendent Alan Finnan
Asst. Superintendent Brian Smith
Grievance Specialist Jamie Trusty
Correctional Officer Whoson
Counselor Leohn
Counselor Synder
Property Officer K. Ewers

All at:

Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111